1

2

3

4

5

6

7

8

9

10                     UNITED STATES DISTRICT COURT

11                      EASTERN DISTRICT OF CALIFORNIA

12

RODERICK WASHINGTON,                 )     1:05-CV-1489 AWI SMS HC
13                                           )
                        Petitioner,          )     FINDINGS AND RECOMMENDATION
14                                           )     REGARDING PETITIONER'S FAILURE TO
        v.                                   )     FOLLOW A COURT ORDER
15                                           )
                                             )     [Doc. #3]
16   ARNOLD SCHWARZENEGGER,                   )
                                             )
17                      Respondent.          )
                                             )
18   _____

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.

21          On November 22, 2005, the instant petition for writ of habeas corpus was received in this

22   Court following a transfer from the Central District of California.

23          On December 22, 2005, the Court ordered Petitioner to submit, within thirty (30) days of the

24   date of service of the order, an application to proceed in forma pauperis and a certified copy of the

25   prison trust account statement or pay the $5.00 filing fee.

26          Over thirty (30) days have passed, and Petitioner has not complied with the court order.

27                                   **DISCUSSION**

28          Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local

U.S. District Court
E. D. California       cd                           1

1   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

2   sanctions . . . within the inherent power of the Court." District courts have the inherent power to

3   control their dockets and "in the exercise of that power, they may impose sanctions including, where

4   appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

5   1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

6   action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v.

7   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

8   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

9   requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

10  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of

11  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

12  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

13  lack of prosecution and failure to comply with local rules). In determining whether to dismiss an

14  action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the

15  court must consider several factors: (1) the public's interest in expeditious resolution of litigation;

16  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

17  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

18  alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130;

19  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

20      In the instant case, the Court finds that the public's interest in expeditiously resolving this

21  litigation and the Court's interest in managing the docket weigh in favor of dismissal because this

22  case has been pending in this Court since November 22, 2005. The third factor, risk of prejudice to

23  defendants, also weighs in favor of dismissal because a presumption of injury arises from any

24  unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.

25  1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly

26  outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure

27  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

28  requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The

U.S. District Court
E. D. California          cd                                            2

1   Court's order to pay the filing fee or submit a new application to proceed in forma pauperis was clear

2   that dismissal would result from non-compliance with the Court's order.

3                                    **RECOMMENDATION**

4        Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for

5   Petitioner's failure to comply with a court order.

6        This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

7   States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

8   72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

9   California.  Within thirty (30) days after being served with a copy, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall

12  be served and filed within ten (10) court days (plus three days if served by mail) after service of the

13  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

14  § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

15  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17  IT IS SO ORDERED.

18  **Dated:    February 15, 2006**              _/s/ Sandra M. Snyder_
    icido3                                      UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28