# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON,      ) | 1:05-CV-1489 AWI SMS HC |
| )  Petitioner,      ) | ORDER DENYING MOTION TO RE-OPEN OR VACATE |
| v.                                 ) | |
| ARNOLD SCHWARZENEGGER, ) et al.,                          ) | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| )  Respondent.     ) | (Document #14) |

    Petitioner is a state prisoner who had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 26, 2007, the Magistrate Judge issued Findings and Recommendations that recommended the court dismiss this action for Plaintiff's failure to prosecute and failure comply with the court's order that he either pay the filing fee for this action or file an application to proceed in forma pauperis.   On October 6, 2006, the court adopted the Findings and Recommendations and dismissed the petition.    On September 7, 2007, Petitioner filed a motion to reopen this action.  Petitioner contends that in May 2007 prison officials cancelled a check for $90.00 that was to pay for the filing fee in this action and other actions.   Petitioner also filed a notice of appeal.

    The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  "A party seeking reconsideration must show more than a

1  disagreement with the Court's decision, and recapitulation of the cases and arguments considered by
2  the court before rendering its original decision fails to carry the moving party's burden." U.S. v.
3  Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are
4  committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441
5  (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party
6  must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior
7  decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.
8  1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  Pursuant to
9  Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of
10 judgment.   Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is
11 presented with newly-discovered evidence, (2) the district court committed clear error or made an
12 initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.
13 Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001);  School Dist. No. 1J Multnomah
14 County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).   This showing is a "high hurdle."
15 Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).    Federal Rule of Civil Procedure 60(b)
16 governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to
17 relieve a party from a final order or judgment on grounds of:   "(1) mistake, inadvertence, surprise, or
18 excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from
19 the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made
20 within a reasonable time, in any event "not more than one year after the judgment, order, or
21 proceeding was entered or taken." Id.

22      The basis of Petitioner's motion to re-open and vacate judgment is that prison officials
23 refused to send the court the filing fee in this action.  The problem with Petitioner's argument is that
24 Petitioner claims prison officials obstructed his attempts to pay the filing fee in May, 2007.   This
25 action was dismissed some six months earlier, in October 2006.   Prior to the case being dismissed,
26 Petitioner never informed the court of any problems with prison officials refusing to send the filing
27 fee.  Given Petitioner did not comply with the court's order and only attempted to pay the filing fee
28 close to a year after it was ordered, reconsideration is not warranted.

2

Petitioner also seeks to appeal this action. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>   (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds, as the court did in this action, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

In the present case, the court finds that reasonable jurists would not disagree with this court's decision to not re-open this case and vacate judgment. Given that this action was dismissed some six months prior to Petitioner attempting to pay the filing fee and the lack of evidence supporting Petitioner's contentions, reasonable jurists would have declined to reopen this case.

Accordingly, Petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

**Dated:   December 21, 2007**            /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE

3